UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

UNITED STATES OF AMERICA,

Plaintiff,

v.

CURTIS CARAWAY,

Defendant.

Case No. 2:09-cr-0115-KJD-PAL
Related Case: 2:17-cv-0738-KJD

**ORDER**

In March of 2017, Petitioner Curtis Caraway moved to vacate or set aside his conviction for using or carrying a firearm during the commission of a crime of violence under 18 U.S.C. § 924(c) (ECF No. 107). The basis of Caraway's motion was that the offense underlying his § 924(c) conviction—attempted Hobbs Act robbery—no longer qualifies as a crime of violence after the Supreme Court struck down the Armed Career Criminal Act's residual clause in Johnson v. United States, 135 S. Ct. 2551 (2015). The Supreme Court has since struck down several similar residual clauses, including § 924(c)(3)(B), which Caraway may have been sentenced under. See United States v. Davis, 139 S. Ct. 2319 (2019). In light of Davis, the Court requested additional briefing to address which § 924(c)(3) prong Caraway was sentenced under and Davis's overall effect on this case. The parties agree that Caraway's sentence is unconstitutional if it relies upon § 924(c)'s residual clause. Yet, the United States argues that Caraway's conviction for attempted Hobbs Act Robbery still qualifies as a crime of violence under § 924(c)'s elements clause. The Court agrees and therefore denies Caraway's motion.

**I.      Background**

Curtis Caraway is currently serving a sentence of 154 months after being found guilty by a jury of felon in possession of a firearm, attempted Hobbs Act robbery, and possession of a firearm during a crime of violence. Am. Judgment, ECF No. 85. Caraway received 70-month

concurrent sentences on the felon in possession and attempted robbery charges. Id. at 2. For carrying a firearm in connection with a crime of violence, Caraway received an additional 84 months to run consecutive to the other charges. Id. The underlying attempted robbery happened on February 20, 2009, at the Fine Furniture Liquidator store. Armed with a handgun, Caraway entered the store and approached a salesperson. He pointed the gun at the employee's head and demanded money. P.'s Resp. 2, ECF No. 109 (citing PSR ¶¶ 6–7). The victim told Caraway that the money was in the safe, so Caraway forced two employees to the safe at gunpoint. Id. Neither employee knew the combination to the safe, so Caraway ordered them to the ground, took one of their wallets, and fled. Id. at 3. Police apprehended Caraway shortly thereafter. Id.

A federal grand jury indicted Caraway in March of 2009. Caraway elected to go to trial, and he was convicted on each of the crimes charged in the indictment. The United States Probation Office prepared a pre-sentence investigation report that twice included a sentence enhancement for reckless endangerment during flight. With the dual enhancements, Caraway received a total sentence of 172 months: 88 months concurrent on counts one and two and 84 months consecutive on count three. Judgment 2, ECF No. 67. Caraway appealed. The Ninth Circuit affirmed Caraway's conviction but remanded for resentencing. It found that Caraway could not receive the same flight enhancement twice. See Remand Order 3, ECF No. 80. The Court resentenced Caraway to a 154-month sentence on December 17, 2010. Am. Judgment, ECF No. 85. Caraway then filed his first petition to vacate his sentence under § 2255. The petition focused entirely on the Court's application of the sentencing guidelines during his resentencing. The Court denied the petition on April 2, 2012. Order, ECF No. 92.

Three years later, the Supreme Court issued Johnson v. United States, 135 S. Ct. 2551 (2015). Johnson found that the Armed Career Criminal Act's ("ACCA") residual clause (18 U.S.C. § 924(e)(2)(B)) was unconstitutionally vague. Johnson, 135 S. Ct. at 2563. The Supreme Court then issued Welch v. United States, which found that Johnson applied retroactively to defendants sentenced under the ACCA's residual clause. 136 S. Ct. 1257, 1265 (2016). As a result, sentences based upon the ACCA's residual clause must be vacated. Given the similarities between the ACCA's residual clause and § 924(c)'s residual clause, Caraway sought leave to file

a second § 2255 petition under Johnson. See Not. of Filing Second Petition, ECF No. 102. The Ninth Circuit granted Caraway's request on February 16, 2017, and he filed his second petition a month later. ECF No. 107. The parties fully briefed Caraway's second petition. Before the Court could decide the petition, the Supreme Court issued United States v. Davis, which invalidated § 924(c)'s residual clause. 139 S. Ct. 2319, 2336 (2019). In light of Davis, the Court requested additional briefing. The briefing focused on two issues: whether Caraway was sentenced under § 924(c)'s now-unconstitutional residual clause and Davis's overall effect on Caraway's sentence. According to the parties' supplements, they agree that Caraway's petition is timely and that his sentence is unconstitutional under Davis if based on the residual clause. The record is silent, however, on which of § 924(c)'s prongs support the conviction. As for Davis's effect on Caraway's sentence, the parties disagree whether attempted Hobbs Act robbery qualifies as a crime of violence under the statute's elements clause.

**II.      Legal Standard**

A defendant in federal custody may challenge a conviction that "was imposed in violation of the Constitution or laws of the United States" under 28 U.S.C. § 2255(a). However, § 2255 is not intended to give criminal defendants multiple opportunities to challenge their sentences. United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir. 1985). Rather, § 2255 limits relief to cases where a "fundamental defect" in the defendant's proceedings resulted in a "complete miscarriage of justice." Davis v. United States, 417 U.S. 333, 346 (1974). That limitation is based on the presumption that a defendant whose conviction has been upheld on direct appeal has been fairly and legitimately convicted. United States v. Frady, 456 U.S. 152, 164 (1982). Because a § 2255 petitioner has already pursued—and lost—a direct appeal, the Court assumes that the conviction is valid. For that reason, the government need not respond to the petition until ordered to do so. United States v. Boniface, 601 F.2d 390, 392 (9th Cir. 1979). The Court may summarily dismiss the petition if it is clear from the record that the petitioner does not state a claim for relief or if the claims are frivolous or palpably incredible. United States v. Burrows, 872 F.2d 915, 917 (9th Cir. 1989) citing Baumann v. United States, 692 F.2d 565, 570–71 (9th Cir. 1982).

### III. Analysis

The constitutionality of Caraway's § 924(c) conviction turns on whether attempted Hobbs Act robbery is a crime of violence under the statute. Section 924(c)(1)(A)(i) imposes a mandatory minimum of sentence of at least five years on any offender who uses or carries a firearm during any crime of violence. That minimum increases to seven years if the defendant brandishes the firearm and ten years if he discharges it. Id. § 924(c)(1)(A)(ii)–(iii). The minimum sentences under § 924(c)(1)(A) must be served consecutive to the sentence for the underlying offense and are not probationable. Id. § 924(c)(1)(D). Thus, a conviction under § 924(c)(1)(A) stacks a lengthy sentence on top of the underlying offense. However, these minimums only kick in if the defendant carries or uses the firearm during the commission of a "crime of violence." Id. § 924(c)(1)(A). Therefore, if an underlying offense does not qualify as a crime of violence, the defendant cannot be sentenced to § 924(c)'s mandatory minimums.

Section 924(c)(3) defines "crime of violence" two ways, and the Court may impose the mandatory minimum sentence on a defendant whose underlying crime meets either definition. The first is any crime that "has an element the use, attempted use, or threatened use of physical force against the person or property of another." Id. § 924(c)(3)(A). This has come to be known as § 924(c)'s "elements" clause. The second definition includes any crime "that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." Id. § 924(c)(3)(B). This has come to be known as § 924(c)'s "residual clause." Davis explicitly held that § 924(c)(3)(B)'s residual clause was unconstitutionally vague. 139 S. Ct. at 2336. As a result, Caraway's § 924(c) conviction can only stand if his underlying crime of attempted Hobbs Act robbery is a crime of violence under the statute's elements clause.

The Court applies the categorical approach to determine whether an underlying offense qualifies as a crime of violence. The general purpose of the categorical approach is to restrict the definition of an offender's underlying crime to the statutory elements of that crime. Descamps v. United States, 570 U.S. 254, 263 (2013) ("a focus on the elements, rather than the facts, of a crime" is the "central feature" of the categorical approach). To that end, the Court compares the

statutory elements of the defendant's underlying offense to the generic crime. Importantly, the Court evaluates the underlying offense based solely on how the law defines the offense and not how the individual committed the crime. Johnson v. United States, 135 S. Ct. 2551, 2557 (2015). If the statutory elements of the underlying offense are the same or are narrower than the elements of the generic offense, the two crimes are a categorical match, and the crime constitutes a crime of violence. Descamps, 570 U.S. at 257. However, the underlying offense is not a crime of violence if its elements prohibit more conduct than the generic offense. Id. at 261. This is so even if the defendant committed each of the elements of the generic crime. Id.; United States v. Caceres-Olla, 738 F.3d 1051, 1054 (9th Cir. 2013).

Certain crimes, however, are not suitable for the formal categorical approach because their elements encompass multiple generic offenses. See Nijhawan v. Holder, 557 U.S. 29, 35 (2009) (for example, formal categorical approach not suitable for a statute that prohibits a nighttime breaking and entering into a "building, ship, vessel, or vehicle"). These statutes are considered "divisible." A statute is not divisible solely because it is listed in the disjunctive. United States v. Dixon, 805 F.3d 1193, 1198 (9th Cir. 2015). Rather, a disjunctive statute must create "alternative elements" as opposed to merely "alternative means." Id. Alternative elements are essential to the jury's guilty verdict, but alternative means are not. Id.

If the statute is truly divisible, it will be impossible to tell which of the its compound offenses the defendant committed without considering the underlying facts. Descamps, 570 U.S. at 263. But the formal categorical approach expressly prohibits considering the facts of the underlying offense. Taylor v. United States, 495 U.S. 575, 600 (1990). Enter the modified categorical approach, which allows the Court to consult a limited library of documents to determine which of the divisible statute's offenses the defendant committed. Id. at 257. The library may include the indictment, jury instructions, plea agreement, or plea colloquy that sheds light on which of the statute's elements the defendant violated. See United States v. Martinez-Lopez, 864 F.3d 1034, 1043 (9th Cir. 2017). The Court's objective under the modified categorical approach remains the same: to compare the elements of the underlying offense with the elements of the generic crime.

The Ninth Circuit has indicated that completed Hobbs Act robbery is indeed a crime of violence under § 924(c)'s elements clause. United States v. Howard, 650 Fed. Appx. 466, 468 (9th Cir. May 23, 2016) (unpublished). The appellate court has not yet determined whether attempted Hobbs Act robbery is a crime of violence, though that determination is likely forthcoming.[1] In the interim, at least two courts in this district have found that Hobbs Act robbery is a crime of violence using the modified categorical approach. See United States v. Haas, No. 2:10-cr-0499-LRH-GWF, 2019 WL 4859066 (D. Nev. Oct. 1, 2019); United States v. Harrison-Johnson, No. 2:12-cr-0336-JAD-CWH, 2018 WL 3518448 (D. Nev. July 19, 2018). Harrison-Johnson determined, and Haas agreed, that Hobbs Act robbery is a divisible statute because it "contains disjunctive phrases that essentially create six functionally separate crimes." 2018 WL 3518448 at *3. This Court joins Harrison-Johnson and Haas and finds that attempted Hobbs Act robbery is divisible.

Because Hobbs Act robbery is divisible, and therefore subject to the modified categorical approach, so too is attempted Hobbs Act robbery. The elements of attempted Hobbs Act robbery are: (1) that Caraway attempted to force Fine Furniture Liquidators to part with property by the wrongful use of threat of force or fear; (2) that Caraway intended to obtain property that he had no right to receive; (3) that Caraway's actions affected interstate commerce; and (4) that Caraway took a substantial step toward committing the crime of Interference with Commerce by Robbery. See Ninth Cir. Model Jury Inst. 8.117 (2003 ed.).

It is evident from the elements of attempted Hobbs Act robbery that it constitutes a crime of violence under § 924(c)'s elements clause. The third element of attempted Hobbs Act robbery requires Caraway to have attempted to force a victim to part with property *by threat of force or fear*. In attempt crimes, the defendant must intend to commit every element of the underlying crime, including the use of force. Hill v. United States, 877 F.3d 717, 719 (7th Cir. 2017). Thus, "the attempt to commit a violent felony is itself a violent felony." Id.

---

[1] See United States v. Dominguez, 14-10268 (9th Cir.). Dominguez will likely answer the question. The Ninth Circuit heard oral argument in that case on December 10, 2019, but it has not yet issued an opinion. Both parties alternatively seek a stay pending the outcome of Dominguez if the Court is inclined to rule against them. However, the Court finds a stay unnecessary.

Caraway counters that a defendant could take a substantial step toward committing Hobbs Act robbery without ever intending the use of force. He argues that a person could be convicted "without even arriving at the location of the planned robbery, much less using or attempting or threatening to use physical force. D.'s Supp. 13, ECF No. 118 (citing United States v. Moore, 921 F.2d 207, 209 (9th Cir. 1990)). In such a case, the defendant could be guilty of attempted Hobbs Act robbery without ever coming in contact with another person. Id.

However, the mere fact that a third-party or other outside influence thwarted the robbery does not change the defendant's original intent to take the property from another by force. The Court is persuaded by Judge Larry Hicks's reasoning in Haas, which explained why a contrary holding would be illogical. Haas, 2019 WL 4859066 at *3. There, Judge Hicks reasoned:

> [P]roof of an attempt requires that (1) the defendant specifically intended to commit the criminal offense, and (2) that he took a substantial step towards doing so. The step required must be of "such substantiality that, unless frustrated, the crime would have occurred." In other words, but for some external force beyond the defendant's control, his crime would have been successful. In this context, a defendant would attempt to commit the same act (robbery), but in one case he completes his objective, and in another case, he is stopped by a factor beyond his control, such as police intervention or resistance from the victim. The defendant who completes his robbery is considered to have committed a crime of violence, but the defendant possessing the same intent and performing the same actions but who fails does not commit a crime of violence.

Id. (internal citations omitted). Classifying a completed Hobbs Act robbery a crime of violence but not classifying attempted Hobbs Act robbery a crime of violence would create a sentencing disparity that Congress "has long strived to avoid." Id.

The Court likewise intends to avoid such a sentencing disparity here. Caraway had the requisite intent to use force and took a substantial step toward committing Hobbs Act robbery. He entered Fine Furniture Liquidators, pointed a gun at an employee, and demanded money. Caraway then led two employees to the safe and demanded that they open it, all while brandishing a handgun. When neither employee could open the safe, Caraway demanded that

they get on the ground, he stole one of their wallets, and then he fled. Caraway certainly would have completed Hobbs Act robbery had the employee known the combination to the safe. It is clear that Caraway possessed the requisite intent to commit a robbery using force or violence and was only thwarted by circumstances outside of his control. As result, Caraway's underlying conviction for attempted Hobbs Act robbery qualifies as a crime of violence under 18 U.S.C. § 924(c). His consecutive sentence under § 924(c)(1)(A)(ii) was constitutional. Accordingly, Caraway's motion to vacate is denied.

Having denied Caraway's § 2255 petition, the Court considers whether to grant Caraway a certificate of appealability. A certificate of appealability enables a § 2255 petitioner to pursue appellate review of a final order. It is only available where the petitioner has "made a substantial showing" of a constitutional deprivation in his § 2255 petition. 28 U.S.C. § 2253(c)(2); Welch v. United States, 136 S.Ct. 1257, 1263 (2016). A petitioner has made a substantial showing of a constitutional violation if reasonable jurists could disagree whether he has suffered such a deprivation. Slack v. McDaniel, 529 U.S. 473, 484 (2000).

Caraway warrants a certificate of appealability. Though the Court is confident in its determination that attempted Hobbs Act robbery constitutes a crime of violence, the Ninth Circuit has not yet made that determination. Indeed, the appellate court may issue Dominguez and effectively reverse this order any day. Further, reasonable jurists can—and have—disagreed whether attempted Hobbs Act robbery constitutes a crime of violence under § 925(c). Compare Harrison-Johnson, 2018 WL 3518448, with United States v. Alfonso, No. 3:17CR128 (JBA), 2019 WL 1916199 (D. Conn. Apr. 30, 2019). Therefore, the Court grants Caraway a certificate of appealability.

///
///
///
///
///
///

### IV. Conclusion

Accordingly, IT IS HEREBY ORDERED that Curtis Caraway's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (ECF Nos. 102, 107) is **DENIED**.

IT IS FURTHER ORDERED that a certificate of appealability is **GRANTED**.

The Clerk of the Court is directed to ENTER JUDGMENT in favor of the United States and against Curtis Caraway.

Dated this 31st day of March, 2020.

_____
Kent J. Dawson
United States District Judge